# ANDERSON KILL & OLICK, P.C.    MEMO ENDORSED

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-5-11

Finley T. Harckham, Esq.
fharckham@andersonkill.com
(212) 278-1543

*[Handwritten memo endorsement: Conference is waived. File motion by July 15. Response by August 5. Reply by August 15. No stay of discovery. SO ORDERED 7-5-11]*

July 5, 2011

**BY FAX (212) 805-7949**

Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    Illinois National Insurance Company, The Insurance Company
              of the State of Pennsylvania, and National Union Fire
              Insurance Company Of Pittsburgh, Pa (collectively, "Chartis")
              and The Metropolitan Transportation Authority ("MTA") v.
              Tutor Perini Corp.
              Index No. 11-cv-00431 (PKC)

Dear Judge Castel:

      We represent Defendant Tutor Perini Corporation ("Tutor Perini") in the above referenced matter. We are in receipt of the amended complaint filed by Plaintiffs Illinois National Insurance Company, The Insurance Company of the State of Pennsylvania, and National Union Fire Insurance Company Of Pittsburgh, Pa (collectively, "Chartis") adding the Metropolitan Transportation Authority ("MTA") as a purported plaintiff in this action. Pursuant to section 2(A) of your Honor's Individual Practice, this letter serves to request a pre-motion conference be scheduled for Tutor Perini's anticipated motion to dismiss the MTA as a plaintiff in this action.

      Pursuant to the Civil Case Management Plan and Scheduling Order dated June 21, 2011, Tutor Perini's time to respond to the amended complaint is July 11, 2011. In lieu of an answer, Tutor Perini hereby requests the Court's permission to file a motion to dismiss or strike the MTA as a plaintiff in this action.

      On January 21, 2011, Chartis filed this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify Tutor Perini under insurance policies sold to the MTA and Tutor Perini with respect to certain claims submitted to Chartis by Tutor Perini for coverage.

      At the June 21, 2011 status conference Chartis indicated that it intended to add the MTA as a defendant in this action. On June 21, 2011, however, Chartis filed

**Anderson Kill & Olick, P.C.**

Honorable P. Kevin Castel
July 5, 2011
Page 2

a first amended complaint for declaratory relief adding the MTA as a purported <u>plaintiff</u>, not defendant. The only apparent basis Chartis provides for adding the MTA as a purported plaintiff is that the MTA is a co-insured with Tutor Perini under certain of the policies at issue and that the MTA may owe an additional premium if coverage exists for Tutor Perini's claim.[1] Thus, the Amended Complaint states:

> The Illinois National Policy contains a Large Risk Rating Plan Endorsement. Pursuant to that endorsement, if there is found to be coverage under the Illinois National Policy for Tutor Perini's Claim, then the MTA will have financial responsibility with respect thereto.

(Amended Complaint, ¶ 26). Chartis fails to explain clearly that the Large Risk Rating Plan Endorsement simply is an endorsement under which, under certain circumstances, the MTA may have to pay an additional premium to Chartis in the event of coverage being afforded for a claim under the policy. As co-insured with Tutor Perini under certain of the policies at issue, however, the MTA has no "financial responsibility" for payment of any claims, including the claim at issue here – the payment of claims is the sole financial responsibility of Chartis. That the MTA may have to pay an additional premium to Chartis when claims are paid under the policy is irrelevant and does not provide a basis for Chartis to add the MTA as a purported plaintiff in this action.

Accordingly, Tutor Perini intends to move to dismiss or strike the MTA as a plaintiff in this action principally on the following grounds:

1.  <u>The Amended Complaint Violates FRCP 11(a)</u>

Chartis offers no indication that the MTA has consented to Chartis' addition of the MTA as a purported plaintiff and the Amended Complaint violates F.R.C.P. Rule 11(a) in so far as neither the MTA or any attorney representing the MTA has signed the Amended Complaint. F.R.C.P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.") Moreover, the signature requirement of Rule 11 is not satisfied when counsel for one party in a multiparty action signs a pleading on behalf of other parties who are not represented by the signing attorney. <u>Creekmore v. Food Lion, Inc.</u>, 797 F.Supp. 505, 509 (D.C.Va.1992) ("To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions. . . in any incident of litigation."); <u>see also</u> <u>Harris v. Hankey</u>, 2006 WL 1670290 (D.C.Pa. 2006) (In a civil rights action with multiple pro se plaintiffs, the court required that all plaintiffs sign on their own behalf; the signature of one plaintiff was insufficient, therefore, striking

---

[1] The MTA policies at issue contain a "Separation of Insureds" clause which provides that the policies apply separately to the MTA and Tutor Perini as if each were the only named insured.

NYDOCS1-970658.5                                  2

**Anderson Kill & Olick, P.C.**

Honorable P. Kevin Castel
July 5, 2011
Page 3

the purported additional plaintiffs for failure to comply with F.R.C.P. 11(a)). Clearly, this is no oversight because the complaint states "on information and belief it is the MTA's position that there is no coverage...." Amended Complaint ¶ 5 (emphasis added).

    2. <u>The Amended Complaint Fails To State Any Claim For Relief by the MTA Against Tutor Perini</u>

Although Chartis has added the MTA as a purported plaintiff in the Amended Complaint, the complaint fails to state any claim for relief by the MTA against Tutor Perini – all of the causes action are by Chartis against Tutor Perini. F.R.C.P. 8 (requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought.")

    3. <u>Chartis Cannot Satisfy The Requirements of Rule 19(a) To Join The MTA as An Involuntary Plaintiff</u>

To the extent that Chartis purports to join the MTA as an involuntary plaintiff under FRCP 19(a)(2), Chartis has failed to demonstrate that any of the requirements have been met.[2] First, Chartis has not made any representation regarding MTA's refusal to join this action. <u>American Stock Exchange, LLC v. Mopex, Inc.</u>, 230 F.Supp.2d 333, 337 (S.D.N.Y. 2002) (dismissing as inappropriate plaintiff's motion to amend complaint adding a party as a plaintiff, regardless of whether that party is a "necessary party," because the moving party has not claimed that the potential new plaintiff has refused to join voluntarily).

Second, Chartis has failed to show that the MTA has an obligation to participate in the instant action or that MTA has a duty to allow Chartis to use its name in the instant action. <u>Cilco, Inc. v. Copeland Intralenses, Inc.</u>, 614 F.Supp. 431, 433 (S.D.N.Y. 1985). ("[A] person may be joined as an involuntary plaintiff only where he has an obligation to participate in the suit."). <u>Caprio v. Wilson</u>, 513 F.2d 837, 839 (C.A.Cal. 1975) ("[I]n light of the original purpose for the Rule [19(a)] and its use almost exclusively in patent and copyright infringement cases, 'the authorization in Rule 19(a) to join a party as an involuntary plaintiff may be invoked only when the party sought to be joined has a duty to allow plaintiff to use his name in the action.'") (citing 7 Wright & Miller, Federal Practice and Procedure § 1606 (Westlaw 2011)).

For the foregoing reasons, Tutor Perini requests permission to file a motion to dismiss or strike the MTA from Amended Complaint. Further, in light of the fact that the amended complaint raises unanticipated and novel issues that Tutor Perini

---

[2] Rule 19(a) of the Federal Rules of Civil Procedures provides that "[i]f the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff."

**Anderson Kill & Olick, P.C.**

Honorable P. Kevin Castel
July 5, 2011
Page 4

did not contemplate, and could not have contemplated, Tutor Perini requests that its time to respond to the amended complaint by filing its motion to dismiss or strike the MTA as a plaintiff be extended until thirty days after the Court issues a decision regarding this request to file that motion.

Respectfully Submitted,

Finley Harckham

cc:  Joshua W. Gardner (by email)
     John D. Hughes (by email)