UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILLINOIS NATIONAL INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA, and NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH, PA;
and THE METROPOLITAN TRANSPORTATION
AUTHORITY,

                                    Plaintiffs,

          v.

TUTOR PERINI CORPORATION,

                                    Defendant.

CASE NO. 11-CV-00431 (PKC)

**DEFENDANT TUTOR PERINI CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE THE METROPOLITAN
TRANSPORTATION AUTHORITY AS PLAINTIFF**

NYDOCS1-971044.7

## PRELIMINARY STATEMENT

On January 21, 2011, Chartis[1] filed this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify Tutor Perini Corporation ("Tutor Perini") under certain insurance policies sold to the Metropolitan Transportation Authority ("MTA") and which also insure Tutor Perini with respect to a claim submitted to Chartis by Tutor Perini for coverage.

At the June 21, 2011 status conference Chartis indicated that it intended to add the MTA as a defendant in this action.  On June 28, 2011, however, Chartis filed a first amended complaint for declaratory relief (the "Amended Complaint")[2] adding the MTA as a purported plaintiff, not defendant.  Chartis' addition of the MTA in its Amended Complaint is unauthorized and should not be allowed for the following reasons:

- The Amended Complaint violates Fed. R. Civ. P. 11(a)  because neither the MTA itself or any attorney acting for the MTA has signed the Amended Complaint and Chartis has failed to indicate that the MTA has consented to Chartis' attorney signing on its behalf;

- Under 28 U.S.C. § 2201(a), no subject matter jurisdiction exists over the MTA's purported claims against Tutor Perini in so far as the Amended Complaint fails to state any "actual case or controversy" between the MTA and Tutor Perini; and

- To the extent Chartis seeks to join the MTA as an involuntary plaintiff, Chartis has not and cannot satisfy Fed. R. Civ. P. 19's requirements for the joinder of involuntary plaintiffs because the MTA is subject to this Court's

---

[1] Plaintiffs the Illinois National Insurance Company, The Insurance Company of the State of Pennsylvania, and National Union Fire Insurance Company of Pittsburgh, PA together will be referenced herein as "Chartis."

[2] A copy of the Amended Complaint is attached as Exhibit A to the Declaration of Carrie L. Maylor, Esq. submitted herewith.

jurisdiction and Chartis has failed to show that the MTA would not join this action voluntarily.

For these reasons, and as set forth in more fully below, Tutor Perini hereby requests the dismissal of the MTA from this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) or that the Court strike the MTA as a plaintiff in this action pursuant to Fed. R. Civ. P. 12(f).

## STATEMENT OF RELEVANT FACTS

Tutor Perini is a construction company that provides general contracting and design/build services to private organizations and public agencies. On May 1, 2000, the MTA and Tutor Perini entered into a contract for Tutor Perini to design and construct a bus depot (the "Bus Depot") in New York, New York. On or about April 17, 2008, a section of the Bus Depot's exterior masonry wall failed (the "Façade Failure") necessitating emergency repairs on the part of the MTA. Subsequently, the MTA claimed damages for the Façade Failure from Tutor Perini and, on or about June 22, 2009, the MTA and Tutor Perini entered into an agreement for Tutor Perini to pay for the repair or replacement of that portion of the Bus Depot damaged by the Façade Failure. To date, Tutor Perini has incurred in excess of $13 million in connection with the MTA's claim.

Tutor Perini sought coverage from Chartis for the amounts paid to the MTA as a result of the Façade Failure pursuant to several insurance policies, certain of which are at issue in this dispute. One of those policies at issue in this action was sold by Plaintiff Illinois National Insurance Company to the MTA (the "Illinois National Policy") and insures Tutor Perini for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' . . ." and promises "to defend the insured against any 'suit' seeking those

damages . . ."  (Am. Compl. ¶¶ 23, 25, 27.)  The MTA and Tutor Perini are co-insureds under the

Illinois National Policy such that the Illinois National Policy applies separately to the MTA and

Tutor Perini.  (Exhibit B to Maylor Decl. at TP00025 (Separation of Insureds).)[3]

On January 20, 2011, Chartis filed this declaratory judgment action seeking a

preemptive declaration that no coverage exists for the Façade Failure under the Illinois National

Policy and certain other insurance policies sold to the MTA and Tutor Perini.[4]  *See generally*

Compl.  At the status conference held on June 21, 2011, Chartis indicated its intent to amend the

Complaint to add the MTA as a defendant in this action.  However, Chartis filed its Amended

Complaint naming the MTA as a purported *plaintiff* instead of a defendant on the grounds that,

"if there is found to be coverage under the Illinois National Policy for Tutor Perini's Claim, then

the MTA will have financial responsibility with respect thereto" under a "Large Risk Rating Plan

---

[3] In deciding this Motion, the Court may review the Illinois National Policy because it is incorporated into the Amended Complaint by reference. *See Union Mut. Fund v. Ulico Cas. Co.*, No. 05 Civ. 6602(KMW), 2006 WL 561235, at * 1 (S.D.N.Y. Mar. 1, 2006) (When deciding a motion to dismiss, the court's "'review is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits.'") (quoting *Blue Tree Hotels Investment v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 216 (2nd Cir. 2004)).  Moreover, the Second Circuit has held that "in adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (citations omitted).  *See also J.S. ex rel. N.S. v. Attica Central Schools*, 386 F.3d 107, 110 (2d Cir. 2004) ("We may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue [on a motion to dismiss], but we may not rely on conclusory or hearsay statements contained in the affidavits.") (citations omitted).

[4] As set forth in Tutor Perini's June 20, 2011 letter to this Court seeking permission to file a motion to dismiss or in the alternative stay this action, on June 3, 2011 Tutor Perini filed a more comprehensive action in Massachusetts Superior Court against Chartis and an additional defendant seeking coverage for the Façade Failure under the policies at issue in this action as well as a number of other policies.

Endorsement"[5] in the Illinois National Policy, and "[o]n information and belief, it is the MTA's position that there is no coverage...." (Am. Compl. ¶¶ 5, 26.)

## ARGUMENT

I.     THE AMENDED COMPLAINT VIOLATES FRCP 11(A).

Chartis offers no indication that the MTA has consented to Chartis' addition of the MTA as a purported plaintiff and the Amended Complaint violates Fed. R. Civ. P. 11(a) in so far as neither the MTA nor any attorney representing the MTA has signed the Amended Complaint.

Fed. R. Civ. P. 11(a) requires that "[e]very pleading, written motion, and other paper [] be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The signature requirement of Rule 11 is not satisfied when counsel for one party in a multiparty action signs a pleading on behalf of other parties who are not represented by the signing attorney. *See Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 509 (E.D. Va.1992) ("To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions. . . in any incident of litigation."); *see also Kaminski v. State of New York*, No. 6:10-CV-1399 (DNH/GHL), 2010 WL 5620403, at *1 (N.D.N.Y. Dec. 6, 2010) (although two plaintiffs were named in complaint, court held that the party who signed the complaint would be considered "the sole plaintiff"); *Harris v. Hankey*, No. 1:CV-06-0718, 2006 WL 1670290 (M.D. Pa. June 15, 2006) (in a civil rights action with multiple *pro se* plaintiffs, the court required that all plaintiffs sign on their own behalf; the signature of one plaintiff was insufficient, therefore,

---

[5] The Large Risk Rating Plan Endorsement is found at page TP00043 of Exhibit B to the Maylor Decl.

striking the purported additional plaintiffs for failure to comply with Rule 11(a)). The court may

dismiss an unsigned complaint if the defect is not corrected. *See* In re *Fosamax Prods. Liab.*

*Litig.*, No. 1:09-cv-07255-JFK, 2010 WL 1685726, at *2 (S.D.N.Y. Apr. 26, 2010) (dismissing

case where complaint was not signed by authorized attorney after plaintiff was given notice of

defect); 5A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1333 (3d ed. 2011)

("[I]n the absence of prejudice, the district court can treat the defect as technical and should grant

leave to correct a failure to sign; if that is not done, an unsigned complaint may be dismissed or

an unsigned paper stricken, as the court deems appropriate.").

Here, Chartis' counsel's signature is the only one on the Amended Complaint

and there is no indication that the MTA has consented to representation by Chartis' counsel.

(Am. Compl. at p. 23.) Clearly, this is no oversight because the complaint states "*on information

and belief* it is the MTA's position that there is no coverage...." (Am. Compl. ¶ 5.) (emphasis

added). Accordingly, because the MTA has not signed the complaint, the MTA should be

dismissed or stricken as a plaintiff in the Amended Complaint. *See* In re *Fosamax Prods. Liab.*

*Litig.*, 2010 WL 1685726, at *2.

II.    NO SUBJECT MATTER JURISDICTION EXISTS OVER THE MTA'S
       ALLEGED CLAIMS.

28 U.S.C. § 2201(a), the Federal Declaratory Judgment Act, grants federal courts

subject matter jurisdiction to "declare the rights . . . of any interested party . . ." in an actual case

or controversy. *Arbitron, Inc. v. Kiefl,* No. 09-CV-04013 (PAC), 2010 WL 3239414, at *3

(S.D.N.Y. Aug. 13, 2010) (finding there was no subject matter jurisdiction over a claim for a

declaration as to the ownership of certain patents because, even though defendant posed an

economic threat to plaintiff, there could be no legal claim by defendant against plaintiff

regarding inventorship as defendant had waived his right thereto).  With respect to the actual

case or controversy requirement,

> For an actual case-or-controversy to exist there must be: (i) a substantial
> controversy; (ii) between parties having adverse legal interests; and (iii) of
> sufficient immediacy and reality to warrant the issuance of a declaratory
> judgment.  This is not a bright line test; rather, "A good question to ask in
> determining whether an actual case or controversy exists is what, if any,
> cause of action the declaratory judgment defendant may have against the
> declaratory judgment plaintiff."  "Without an underlying legal cause of
> action, any adverse economic interest that the plaintiff may have against
> the declaratory defendants is not a legally cognizable interest sufficient to
> confer declaratory judgment jurisdiction."

*Id.* (citations omitted).  The party seeking declaratory judgment has the burden of demonstrating

subject matter jurisdiction exists.  *Id.*

Although somewhat unclear, Chartis' sole basis for adding the MTA as a plaintiff

is because "if there is found to be coverage under the [MTA] Policy for Tutor Perini's Claim,

then the MTA will have financial responsibility with respect thereto" under a "Large Risk Rating

Plan Endorsement" in the Illinois National Policy, and "on information and belief it is the

MTA's position that there is no coverage . . . " (Am. Compl. ¶¶ 5, 26.)  The Large Risk Rating

Plan Endorsement is an endorsement under which, in certain circumstances, the MTA may have

to pay an additional premium to Chartis in the event of coverage being afforded for a claim

under the policy.  (Exhibit B to Maylor Decl. at p. TP00043.)  As co-insured with Tutor Perini

under the Illinois National Policy, however, the MTA has no "financial responsibility" for

payment of any claims to Tutor Perini, including the claim at issue here – the payment of claims

is the sole financial responsibility of Chartis.  As such, Tutor Perini would have no cause of

action against the MTA for non-payment of its insurance claim and conversely the MTA has no

cause of action for declaratory relief against Tutor Perini in relation to Tutor Perini's right to make a claim for coverage under the Illinois National Policy.

Therefore, even assuming that the MTA has a potential economic interest to the extent that it may be required to pay a premium if Tutor Perini is successful in its claim for coverage, no actual case or controversy exists between the MTA and Tutor Perini and thus no subject matter jurisdiction exists over any declaratory judgment claims asserted by the MTA against Tutor Perini here. *See Arbitron*, 2010 WL3239414, at *4 ("Therefore, though [defendant] may pose an economic threat to [plaintiff], [defendant] has no legal claim against [plaintiff]. Absent an underlying legal cause of action, adverse economic interests are insufficient to establish declaratory judgment jurisdiction."). In this regard, it is clear that no "actual case or controversy" exists here between the MTA and Tutor Perini, not least because while the Amended Complaint adds the MTA as a purported plaintiff, there is no cause of action for declaratory relief or any other cause of action stated in the Amended Complaint by the MTA against Tutor Perini.

That the MTA may have to pay an additional premium to Chartis when claims are paid under the policy is irrelevant to this dispute and does not provide a basis for Chartis to add the MTA as a purported plaintiff in this action. If the MTA is to be added to this action at all, it is as a defendant, as according to Chartis the MTA potentially would owe Chartis monies (not Tutor Perini) under the Large Risk Rating Plan Endorsement, if it is found to be applicable here.

III.    CHARTIS CANNOT SATISFY THE REQUIREMENTS OF RULE 19(A) TO
        JOIN THE MTA AS AN INVOLUNTARY PLAINTIFF.

To the extent that Chartis purports to join the MTA as an involuntary plaintiff Chartis has failed to demonstrate that any of the requirements of Fed. R. Civ. P. 19(a)(2) have been met.

"Fed. R. Civ. P. 19(a) provides that in 'a proper case,' an indispensable party who 'should join as a party but refuses to do so' may be made an involuntary plaintiff." *Cilco, Inc. v. Copeland Intralenses, Inc.*, 614 F. Supp. 431, 433 (S.D.N.Y. 1985). In order for compulsory joinder to be appropriate, however, the party seeking to join the involuntary plaintiff must claim that the party seeking to be joined has refused to do so voluntarily. *American Stock Exchange, LLC v. Mopex, Inc.*, 230 F. Supp. 2d 333, 337 (S.D.N.Y. 2002) (citations omitted) (dismissing as inappropriate motion to amend pleading to add counter-claim plaintiff because movant failed to show that the party had refused to join voluntarily). Further, a case is "proper" where the party sought to be joined "has an obligation to participate in the suit" (*Cilco, Inc.*, 614 F. Supp. at 433), which occurs "almost exclusively in patent and copyright infringement cases" where "the relationship between the patent owner and his exclusive licensee [is] akin to a trust relationship." *Caprio v. Wilson*, 513 F.2d 837, 839-840 (9th Cir. 1975) (citations omitted) (affirming denial of motion to join the U.S.P.S. as involuntary plaintiff in action against congressman for misuse of franking privileges because "no trust relationship exists between [plaintiff] and the Post Office"; rather, "[e]ach has an independent right which may be exercised"). Moreover, Rule 19 is only applicable where "the party to be joined is *not* subject to the Court's jurisdiction. If proper service is possible, the party should be served as a defendant, and the Court will later realign the parties as necessary." *Cilco, Inc.*, 614 F. Supp. at 433 n.2 (citing *Independent Wireless Telegraph Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468, 46 S.Ct. 166, 169 (1926)) (emphasis added).

Here, the MTA cannot be joined as an involuntary plaintiff for several reasons. First, Chartis has not shown that the MTA is not subject to the Court's jurisdiction. Indeed, according to the Amended Complaint, the MTA is a New York corporation with its principal place of business in New York. (Am. Compl. ¶ 5.) As such, the MTA is subject to this Court's jurisdiction pursuant to N.Y. C.P.L.R. 301[6] and Rule 19 is therefore inapplicable here. *See* 2 Robert L. Haig, *New York Practice Series - Commercial Litigation in New York State Courts* § 2:20 (3d ed. 2010) ("Companies incorporated in New York, having a principal place of business in New York, or which are authorized to do business in New York, are 'present' in New York and subject to general jurisdiction here.").

Second, even if the MTA were not subject to this Court's jurisdiction (which it is), involuntary joinder still would be inappropriate here because Chartis has not demonstrated why the MTA cannot be made a defendant to this action and has failed to make any representation regarding MTA's refusal to join this action. Moreover, Chartis has failed to show that there is any trust relationship between Chartis and the MTA such that the MTA has an obligation to participate in this Action or a duty to allow Chartis to use its name in the instant action.

Accordingly, the MTA cannot be joined as an involuntary plaintiff and should be dismissed or stricken as a plaintiff in this Action.

---

[6] In the Second Circuit, "[t]he issue of personal jurisdiction involves a two-step inquiry: (1) whether state law provides a basis for personal jurisdiction and, if so, (2) whether exercising personal jurisdiction comports with constitutional principles of due process." *Saudi v. Marine Atlantic, Ltd.*, 306 F. App'x 653, 654 (2d Cir. 2009) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243-44 (2d Cir. 2007)).

IV.    CONCLUSION

For the reasons set forth herein, Tutor Perini respectfully requests that the Court

dismiss or strike the MTA as a plaintiff in this Action.


Dated:    New York, New York
          July 14, 2011

                                        Respectfully submitted,


                                        By:  /s/ Finley T. Harckham
                                             Finley T. Harckham, Esq.
                                             Anderson, Kill & Olick, P.C.
                                             1251 Avenue of the Americas
                                             New York, NY 10020
                                             Tel:  (212) 278-1000
                                             Fax:  (212) 278-1733