UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ILLINOIS NATIONAL INSURANCE COMPANY;
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; and THE METROPOLITAN
TRANSPORTATION AUTHORITY,

    Plaintiffs,

    v.

TUTOR PERINI CORPORATION,

    Defendant.

CASE NO: 1:11-cv-00431-PKC

---

### CHARTIS PLAINTIFFS' OPPOSITION TO DEFENDANT TUTOR PERINI'S MOTION TO DISMISS OR STRIKE THE METROPOLITAN TRANSPORTATION AUTHORITY AS PLAINTIFF

**I.    PRELIMINARY STATEMENT**

This is a declaratory judgment action to determine whether money spent by Tutor Perini Corporation ("Tutor Perini") to correct construction work it performed for the Metropolitan Transportation Authority ("MTA") that resulted in the facade failure at the 100th Street MTA bus terminal (the "Tutor Perini Claim") is insured under any one of several policies issued by the Chartis Plaintiffs.[1] Under the policy issued by Illinois National, the MTA is obligated to pay $500,000 if the Tutor Perini Claim, which exceeds $8 million, is covered under the Illinois National Policy. First Amended Complaint (or, the "FAC"), ¶¶ 9-16, 21.

After receiving leave of Court to file an Amended Complaint which would add the MTA as a party, Chartis filed the First Amended Complaint, which added the MTA as an additional

---

[1] Illinois National Insurance Company("Illinois National"), the Insurance Company of the State of Pennsylvania ("ICSOP"), and National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

BOS 879838.5

plaintiff. The MTA is a proper plaintiff pursuant to Fed. R. Civ. P. 20(a) because it asserts a right to the same relief sought by the Chartis Plaintiffs. In simple terms, the Court's determination of this declaratory judgment action will cost the MTA money if coverage is found under the Illinois National Policy. The MTA has waived service of process, accepted service of the First Amended Complaint, and consented to being added as an additional plaintiff in this action.[2]

Tutor Perini Corporation's Motion to Dismiss or Strike the MTA as Plaintiff (the "Motion") and supporting memorandum (the "Memo") present arguments that are both irrelevant and disingenuous, asserting Fed. R. Civ. P. 11, subject matter jurisdiction, and Fed. R. Civ. P. 19(a) issues where none exist, while ignoring completely Fed. R. Civ. P. 20(a), which is the only applicable rule and, as explained below, makes proper the joinder of the MTA as an additional plaintiff.

## II. BACKGROUND INFORMATION

### A. Nature of Pending Action

This is a declaratory judgment action concerning the rights and obligations of all plaintiffs under certain policies of insurance issued by the Chartis Plaintiffs with respect to alleged faulty work of Tutor Perini in constructing a MTA bus terminal in New York. The Illinois National Policy was issued to the MTA, and provided coverage to Tutor Perini through owner controlled insurance endorsements. It is the position of the Chartis Plaintiffs and the MTA, confirmed by the MTA's consent to joinder as an additional Plaintiff, that there is no coverage under the Illinois National Policy for Tutor Perini's claim. FAC, ¶ 5.

As alleged in the First Amended Complaint, paragraph 5, should there be coverage under

---

[2] For the convenience of the Court, a copy of the Acceptance of Service of First Amended Complaint, and Consent To Be Named as Plaintiff, filed with this Court on July 27, 2011, is attached as Exhibit 1 hereto.

the Illinois National Policy for Tutor Perini's claim, then the MTA will have financial responsibility with respect thereto.  Specifically, if there is found to be coverage under the Illinois National Policy for the Tutor Perini Claim, the MTA is required under the terms of the Illinois National Policy to pay Illinois National an amount derived from the amount Illinois National pays Tutor Perini.  For example, if Illinois National were obligated to pay $2 million on the Tutor Perini Claim under the policy, then the MTA under the terms of the Illinois National Policy would be required to pay $500,000, i.e., the Net Incurred Loss up to the Commercial General Liability Retained Amount of $500,000$^3$.

> **B.     June 21, 2011 Court Conference**

At the June 21, 2011 Court Conference, Chartis' counsel requested and received leave of Court to file an amended complaint which would add the MTA as a party to this action, and make other changes, without any restriction.  Specifically, and contrary to the Memo's assertion, at 2, the Court did not limit the amended complaint to adding the MTA as a defendant.  The Court entered an order permitting Chartis to file the First Amended Complaint on or before June 28, 2011.  Accordingly, Chartis filed the First Amended Complaint.

---

[3] For the convenience of the Court, annexed as Exhibit 2 hereto is the Large Risk Rating Plan Endorsement which is part of the Illinois National Policy No. GL 933-04-07 RA (3/1/00 to 3/1/01) (Maylor Declaration, Ex. B) and its successor policies, which incorporates the Large Risk Rating Plan Endorsement ("LRRP") in Illinois National Policy No. GL 933-04-07 RA (3/1/99 – 3/1/00) (Hughes Declaration Ex. A), the relevant excerpts of which are annexed as Exhibit 3 hereto.  The Exhibit 3 LRRP endorsement utilizes the concept of calculation of a final premium to require the MTA to cover a portion of any payment under the Illinois National Policy to Tutor Perini. The final premium to be paid by the MTA is based upon a formula the key components of which are the Insured Loss (i.e., the total amount Illinois National has paid and has reserved for payment as damages because of an occurrence) and the Commercial General Liability Policy's Retained Amount of $500,000.  Ex. 3, pp. 1-2, 5.  Thus, the "final premium" includes a payment by the MTA of up to $500,000 should Illinois National pay an Insured Loss to Tutor Perini, an event which will be determined by the outcome of this case.

### III.  ARGUMENT

#### A.  THE FIRST AMENDED COMPLAINT, SIGNED BY COUNSEL FOR THE CHARTIS PLAINTIFFS, DOES NOT VIOLATE FED. R. CIV. P. 11(a)

Tutor Perini's argument is that the First Amended Complaint, signed by Chartis Plaintiffs' counsel as required by Fed. R. Civ. P. 11(a), nonetheless must be dismissed or stricken because the First Amended Complaint includes the MTA as an additional party plaintiff. This argument is completely misplaced. Neither the language of Fed. R. Civ. P. 11(a) nor any of the case authority cited by Tutor Perini[4] supports Tutor Perini's argument.

Rather, as is explained later in this opposition, the MTA is a proper additional plaintiff pursuant to Fed. R. Civ. P. 20 because it asserts the same right to relief as does Chartis based upon common questions of law and fact. The First Amended Complaint, quite properly and in full compliance with Fed. R. Civ. P. 11(a), is signed by counsel for the party who filed the pleading. It is not signed by the MTA because it is not a pleading filed by the MTA. The MTA has waived service of process, accepted service of the First Amended Complaint, and consented to being added as an additional named plaintiff.

---

[4] Tutor Perini cites three cases in support of its position. Memo, at 5. Creekmore v. Ford Lime, Inc., 797 F. Supp. 505, 508-509 (E.D. Va. 1992) stands for the proposition that Rule 11 does not authorize one party to make representations or file pleadings on behalf of another. In Creekmore, the pleading at issue was a notice of removal filed by counsel for one defendant who represented that he was also filing on behalf of two other defendants who were separately represented by counsel and who did not consent at any time (even after the filing of a motion for reconsideration) to the filing of the petition for removal. The court held that the requirements of 28 U.S.C. § 1446 were not met because the statute requires all defendants, individually or through their counsel, to affirmatively and unambiguously assert their desire to remove the case to federal court, and that one defendant's representation on behalf of co-defendants was too ambiguous to meet the statutory requirements of 28 U.S.C. § 1446. This case is not a removal case, nor are there any representation being made by Chartis counsel on behalf of the MTA.

In Kaminski v. State of New York, No. 6:10-CV-1399, 2010 WL 5620403, at *1 (N.D.N.Y. Dec. 6, 2010), the complaint at issue was filed *pro se* by two individuals, and was dismissed without prejudice due to lack of subject matter jurisdiction because the allegations were directly related to a custody proceeding. Likewise, in Harris v. Hurley, No. 1:CV-06-0718, 2006 WL 1670290 (M.D. Pa. June 15, 2006), the complaint was filed on behalf of many individuals, but signed only by one. Unlike this case, these cases did not consider any basis under Fed. R. Civ. P. 20 for including an additional party as plaintiff.

> **B. THE MTA IS A PROPER ADDITIONAL PLAINTIFF PURSUANT TO FED. R. CIV. P. 20**
>
> **1. The MTA Is A Permissive Plaintiff Pursuant to Fed. R. Civ. P. 20**

Fed R. Civ. P. 20 governs the permissive joinder of parties, and states in relevant part:

> **(a)  Persons Who May Join or Be Joined.**
>
> > **(1)  Plaintiffs.** Persons may join in one action as plaintiffs if:
> >
> > > **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> > >
> > > **(B)** any question of law or fact common to all plaintiffs will arise in the action.

It is the plaintiff's option to join additional parties as plaintiffs so long as the additional plaintiff meets the criteria of Fed. R. Civ. P. 20(a)(1). This can be done at the outset of the litigation, or later by amending the Complaint. ("The permissive party joinder rule gives the plaintiff a powerful tool to structure litigation in the complaint. It permits the plaintiff to join multiple parties on either the plaintiff's or the defendant's side.") 4 Moore's Federal Practice, §20.02(2)(a)(i) and (ii), at 20-10 to 20-12 (Matthew Bender 3d. ed.). It is the plaintiff's option so long as both prongs of Fed. R. Civ. P. 20(a)(1) are met. <u>Aceveda v. Allsup's Convenience Stores, Inc.</u>, 600 F.3d 516, 521 (5th Cir. 2010); <u>Applewhite v. Reichbold Chemicals</u>, 67 F.3d 571, 574 (5th Cir. 1995). Courts interpret the requirements of Fed. R. Civ. P. 20(a) liberally to promote judicial economy. <u>Barnhart v. Town of Parma</u>, 252 F.R.D. 156, 159 (W.D.N.Y. 2008).

Both prongs are comfortably satisfied here as there is both transactional relatedness and commonality. The relief sought in this case, namely, the determination of whether the Tutor Perini Claim is covered under the Illinois National Policy, affects the MTA directly. It is the same occurrence for all plaintiffs; the owner (MTA) and issuer (Illinois National) of the Illinois National Policy are joining to obtain the same relief and to protect their rights under the policy.

Since the MTA's obligations under the Illinois National Policy turn entirely upon whether there is an insured loss, the coverage issue presented in this case by the Chartis Plaintiffs and the MTA is the same issue that determines the fate of the Chartis Plaintiffs and the MTA under the Illinois National Policy.

This is a garden variety case of two parties who want similar relief – who will be harmed if they do not obtain that relief – joining in an action to obtain that relief. This is not a case, as Tutor Perini suggests (Memo, at 9), where there is any uncertainty as to the fact that it will cost the MTA money if there is coverage for the Tutor Perini Claim under the Illinois National Policy. The LRRP makes the MTA responsible to reimburse up to $500,000 of the amount paid to Tutor Perini, which means that the MTA must pay more if the declaratory relief requested is not granted. The fact that the MTA's payment is made to Illinois National, which would make payment to Tutor Perini, does not change the direct impact on the MTA, or diminish in any way the MTA's interest in the outcome or right to participate in effecting that outcome. Any adverse judgment entered here will necessarily be prejudicial to the MTA's interests.

Moreover, all of the policies presented in this action, whether issued by Illinois National, ICSOP or National Union, are commercial general liability "occurrence" policies which present the same legal issue, namely, whether a claim without property damage or physical injury suffered by third parties is a covered claim. The determination of this question as to any policy will affect the MTA's liabilities under the Illinois National Policy.

The MTA is clearly an appropriate additional plaintiff under Fed. R. Civ. P. 20, and for that reason was included properly as plaintiff in the First Amended Complaint. The MTA concurs. It has accepted service of the First Amended Complaint, waived service of process, and consented to being added as an additional plaintiff to this action.

### 2. Tutor Perini's Argument Pertaining to Involuntary Joinder as Plaintiff Under Fed. R. Civ. P. 19 Need Not Be Considered

As the Memo, at 9, concedes, in order for compulsory joinder to be appropriate, the party seeking to join the involuntary plaintiff must claim that the party seeking to be joined has refused to do so voluntarily. Quite the opposite has occurred here. The MTA has consented to joinder. Since the MTA has consented to joinder, there is no need to consider the argument made in the Memo, at 9-10.

### 3. As an Additional Plaintiff, the MTA Is Participating in the Claims Asserted in the First Amended Complaint

Tutor Perini's argument, Memo at 6-8, that there is no subject matter jurisdiction over the MTA's claims misses the point entirely.[5] The MTA is a party because it shares in the claims asserted in this action by Chartis to avoid an outcome which would cost the MTA money. Because the MTA, like other plaintiffs National Union and ICSOP, is a resident of New York, the addition of the MTA as plaintiff has no effect on subject matter jurisdiction or venue. There is no possible personal jurisdiction issue as the MTA has waived service of process and accepted service of the First Amended Complaint. To the extent this Court has subject matter jurisdiction over the Chartis Plaintiffs, a matter which is not disputed by Tutor Perini, it also has subject matter jurisdiction over the MTA, as the MTA is joined with the Chartis Plaintiffs as plaintiffs seeking a declaration that there is no coverage for the Tutor Perini Claim.

---

[5] Thus, Arbitron, Inc. v. Kiefl, No. 09-CV-04013, 2010 WL 3239414 (S.D.N.Y. Aug. 13, 2010), is inapposite. In the Arbitron case Arbitron was a single plaintiff, so the court's analysis never considered the status of a second party, aligned as a plaintiff, nor were the claims asserted in the Arbitron case actively in dispute, as they are here. In Arbitron, the plaintiff expressly waived any legal interest in fourteen of Arbitron's patents, eliminating any case or controversy as to those patents. Here, Tutor Perini has not waived any of its claims for coverage under the Chartis Plaintiff policies at issue in this litigation, so, unlike Arbitron, there is an underlying legal cause of action to be decided.

## IV.     CONCLUSION

For the foregoing reasons, defendant Tutor Perini's Motion to Dismiss or to Strike the MTA As Plaintiff should be denied.

Respectfully submitted,

Dated:  July 28, 2011

ILLINOIS NATIONAL INSURANCE COMPANY; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

By their attorneys,

 /s/ John D. Hughes
John D. Hughes
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
Tel. 617.239.0100
Fax. 617.227.4420
jhughes@eapdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July 2011, I caused a true and correct copy of the foregoing document to be filed using the Court's ECF system, thereby transmitting a copy to all counsel in this matter.

 /s/ John D. Hughes
John D. Hughes