UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and THE METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>                                Plaintiffs,<br><br>v.<br><br>TUTOR PERINI CORPORATION,<br><br>                                Defendant. | CASE NO. 11-CV-00431 (PKC) |

**<u>DEFENDANT TUTOR PERINI CORPORATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR STRIKE THE METROPOLITAN TRANSPORTATION AUTHORITY AS PLAINTIFF</u>**

## PRELIMINARY STATEMENT

Chartis' recent efforts to secure the agreement of the MTA to be a plaintiff in this action do not address the fundamental problem that its Amended Complaint fails to state a cause of action upon which relief could be granted in favor of the MTA. Chartis alleges vaguely that coverage for Tutor Perini would have economic consequences for the MTA but fails to explain what legal basis the MTA purportedly has to challenge Tutor Perini's rights under the insurance contract. Indeed, no such basis exists because the insurance policy at issue is between Tutor Perini and Chartis and therefore the MTA has no rights or obligations regarding Tutor Perini with respect to coverage under the policy. The Large Risk Rating Plan Endorsement in the Illinois National Policy[1] that Chartis cites as the basis for the MTA's financial interest in this dispute deals with premium payments that the MTA must make to Chartis – not money that the MTA must pay to Tutor Perini. That clause does not establish any contract rights between the MTA and Tutor Perini, and does not satisfy the requirement of Fed. R. Civ. P. 20 that a complaint assert a cause of action and a right to relief.

## ARGUMENT

I. THE AMENDED COMPLAINT IS DEFICIENT BECAUSE IT DOES NOT STATE A CAUSE OF ACTION BY THE MTA.

   A. The MTA Is Improperly Joined As Plaintiff Pursuant to Fed. R. Civ. P. 20(a) Because The Amended Complaint Asserts No "Right to Relief" Against Tutor Perini.

   Chartis asserts that the MTA is properly joined as plaintiff in this action pursuant to Fed. R. Civ. P. 20(a) because it seeks "similar relief" to Chartis. (Opp. Br. 6.) The MTA

---

[1] Capitalized terms used herein shall have the same meaning as that set forth in Tutor Perini's Memorandum of Law in Support of its Motion to Dismiss or Strike the Metropolitan Transportation Authority as Plaintiff (the "Motion to Dismiss").

cannot properly be joined as a plaintiff in this action, however, because the Amended Complaint fails to state any cause of action by the MTA against Tutor Perini.

Fed. R. Civ. P. 20(a)(1) states that "[p]ersons may join in one action as plaintiffs if . . . they assert any *right to relief* jointly, severally, or in the alternative . . ." (emphasis added). Federal courts have held that where an amended complaint seeking to join a defendant fails to state a cause of action against the defendant, it does not assert a "right to relief" and thus joinder is improper.[2] *See Briarpatch Limited, L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (finding that there would be no basis for permissive joinder of defendants under plaintiffs' first amended complaint because the complaint "did not state a cause of action against the New Defendants," it only sought a declaratory judgment as against the original defendant); *Siren, Inc. v. Firstline Sec., Inc.*, No. 06-1109 PHX RCB, 2006 WL 3257440, at *4 (D. Ariz. May 17, 2006) (permissive joinder of defendant was improper where plaintiffs had no cause of action against defendant on the face of the complaint); *Gibson v. Cannon*, 325 F. Supp. 706, 707-709 (E.D. Pa. 1971) (finding permissive joinder of defendant improper where complaint failed "to allege any wrongdoing or statutory violation on the part of" defendant). It follows that, where an amended complaint seeking to join a plaintiff fails to state a cause of action by that plaintiff against the defendant, the amended complaint fails to assert a right to relief and should be dismissed.

---

[2] Fed. R. Civ. P. 20(a)(2) states that "[p]ersons . . . may be joined in one action as defendants if . . . any *right to relief* is asserted against them jointly, severally, or in the alternative . . ." (emphasis added). It is appropriate to reference cases construing the phrase "right to relief" with regard to Rule 20(a)(2) in determining whether the MTA has asserted a "right to relief" under Rule 20(a)(1) because the language is the same in both subsections and thus can reasonably inferred to have the same meaning. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232, 127 S.Ct. 2411, 2417 (2007) ("A standard principle of statutory construction provides that identical words and phrases within the same statute should normally be given the same meaning.") (citation omitted).

Here, the Amended Complaint fails to state any cause of action by the MTA against Tutor Perini. (Am. Compl. ¶¶ 71-88 and Prayers For Relief.) To be precise, the Amended Complaint only seeks declarations with regard to whether Chartis is "obligated to make any payment for the Claim under the" Insurance Policies. (Am. Compl. at ¶¶ 71-88 and Prayers For Relief.) Only two short references to the MTA are contained in the Amended Complaint, neither of which constitute a cause of action by the MTA against Tutor Perini. The first reference to the MTA is found in the "Parties" section of the Amended Complaint and merely states that:

> The MTA is named as a plaintiff because, as described below, it is the named insured under the Illinois National Policy, and if there is found to be coverage under the Illinois National Policy for Tutor Perini's Claim, then the MTA will have financial responsibility with respect thereto. Accordingly, Illinois National and the MTA have the same ultimate interest in the Court finding that there exists no coverage under the Illinois National Policy. On information and belief, it is the MTA's position that there is no coverage under the Illinois National Policy for Tutor Perini's Claim.

(Am. Compl. ¶ 5.) The second allegation is found in paragraph 26 which reads: "The Illinois National Policy contains a Large Risk Rating Plan Endorsement. Pursuant to that endorsement, if there is found to be coverage under the Illinois National Policy for Tutor Perini's Claim, then the MTA will have financial responsibility with respect thereto." (Am. Compl. ¶ 26.) Nowhere in any of the causes of action or prayer for relief does the Amended Complaint assert a right to relief on the part of the MTA. (Am. Compl. at ¶¶ 71-88 and Prayers For Relief.) Accordingly,

because the Amended Complaint does not state a cause of action by the MTA against Tutor Perini, it fails to assert a right to relief on the part of the MTA and so must be dismissed.[3]

Moreover, based upon the facts alleged in the Amended Complaint, the MTA cannot state a cause of action against Tutor Perini. The Illinois National Policy separately insures the MTA and Tutor Perini. (Exhibit B to Maylor Decl. submitted with Tutor Perini's Motion to Dismiss at TP00025 (Separation of Insureds).) Accordingly, the Policy establishes contractual relationships between Chartis and Tutor Perini, and between Chartis and the MTA. However, there is no privity between the MTA and Tutor Perini with regard to the Insurance Policies and the MTA cannot assert any claims against Tutor Perini with regard to coverage. The only relief Chartis seeks here is declaratory judgment with regard to coverage under the policy and, as asserted previously in Tutor Perini's Motion to Dismiss, the MTA cannot seek the same declaratory relief against Tutor Perini because it has no cause of action against Tutor Perini with regard to the Insurance Policies. An adverse economic interest is not enough to render a declaratory judgment claim viable. *See Arbitron, Inc. v. Kiefl*, No. 09-CV-04013 (PAC), 2010 WL 3239414, at *3 (S.D.N.Y. Aug. 13, 2010).

    B.    The Amended Complaint is Also Deficient Because the MTA Did Not Sign the Complaint Or Consent to Its Filing at the Time of Filing.

Chartis admits in its Opposition that the MTA's counsel did not sign the Amended Complaint. (Opp. Br. 4.) Regardless of whether the MTA now consents to being added as a plaintiff in the Amended Complaint, it does not change the fact that Chartis did not have the MTA's consent to file the Amended Complaint on its behalf at the time the Amended

---

[3] For the same reasons, the Amended Complaint should be dismissed because it fails to comport with Fed. R. Civ. P. 8(a) which requires "[a] pleading that states a claim for relief [to] contain . . . a demand for the relief sought . . ." Fed. R. Civ. P. 8 (a)(3).

Complaint was filed and that neither the MTA nor any attorney for the MTA's signed the Amended Complaint.[4] *See* Am. Compl. ¶ 5 (stating *"on information and belief* it is the MTA's position that there is no coverage....")(emphasis added). Thus, the Amended Complaint does not comply with Fed. R. Civ. P. 11(a) and should be dismissed on that basis.

II.     CONCLUSION

For the reasons set forth herein, Tutor Perini respectfully requests that the Court dismiss the Amended Complaint.

Dated:  New York, New York
        August 5, 2011

                                        Respectfully submitted,

                                        By: /s/ Finley T. Harckham
                                            Finley T. Harckham, Esq.
                                            Anderson, Kill & Olick, P.C.
                                            1251 Avenue of the Americas
                                            New York, NY 10020
                                            Tel: (212) 278-1000
                                            Fax: (212) 278-1733

---

[4] Notably, Exhibit 1 to Chartis' Opposition shows that Chartis only obtained the MTA's consent to be named as plaintiff on July 22, 2011, over one week after Tutor Perini's motion to dismiss was filed and nearly a month after Chartis filed its Amended Complaint. *See* Docket Nos. 18, 22.