```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ILLINOIS NATIONAL INSURANCE
COMPANY, THE INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PENNSYLVANIA and
METROPOLITAN TRANSPORTATION
AUTHORITY,
                         Plaintiffs,
                                                             11 Civ. 431 (PKC)

          -against-
                                                             MEMORANDUM
                                                             AND ORDER
TUTOR PERINI CORPORATION,

                         Defendant.
-----------------------------------------------------------x
```

P. KEVIN CASTEL, District Judge:

        Defendant Tutor Perini Corporation ("Tutor Perini") has moved, pursuant to Rules 12(b)(1), 12(h)(3) and 12(f), Fed. R. Civ. P., to dismiss or strike plaintiff Metropolitan Transit Authority (the "MTA") as a plaintiff in this action.  For the reasons explained, the Complaint does not assert a justiciable claim on behalf of the MTA, and the motion is granted.

BACKGROUND

        The First Amended Complaint (the "Complaint") seeks a declaration that the three plaintiff insurers – Illinois National Insurance Company ("Illinois National"), The Insurance Company of the State of Pennsylvania ("ICSOP") and National Union Fire Insurance Company of Pennsylvania ("National Union") (collectively, "Chartis") – are not obligated to cover losses suffered by Tutor Perini arising out of work on an MTA bus depot.  (Compl. ¶¶ 71-88.)  The Complaint does not seek relief in favor of plaintiff MTA.  Jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332(a).  (Compl. ¶ 7.)

According to the Complaint, in May 2000, Tutor Perini entered into a contract with the MTA for the construction of a bus terminal on 100th Street in New York City, and substantially completed the work by July 31, 2003. (Compl. ¶¶ 9-10.) On or about April 22, 2008, the MTA wrote a letter to Tutor Perini, asserting that the bus depot's façade was buckling and needed repair. (Compl. ¶ 11.) The MTA then retained a non-party architecture firm to investigate the façade, and the firm concluded that the façade was poorly constructed. (Compl. ¶ 14.) Tutor Perini has claimed that the cost of repairing the façade has totaled more than $8 million. (Compl. ¶ 21.) Chartis has denied any coverage obligation to Tutor Perini. (Compl. ¶¶ 16-20, 35-38.)

When Chartis commenced this action on January 20, 2010, the complaint did not include the MTA as a party. (Docket # 1.) After a pretrial conference of June 21, 2011, the Court enter a case management plan and scheduling order, which granted leave to amend "to add" the MTA. (Docket # 17.) On June 28, 2011, Chartis filed the now-operative Complaint, which added the MTA as a plaintiff. (Docket # 18.) According to the Complaint, the MTA

> is named as a plaintiff because, as described below, it is the named insured under the Illinois National Policy, and if there is found to be coverage under the Illinois National Policy for Tutor Perini's Claim, then the MTA will have financial responsibility with respect thereto. Accordingly, Illinois National and the MTA have the same ultimate interest in the Court finding that there exists no coverage under the Illinois National policy. On information and belief, it is the MTA's position that there is no coverage under the Illinois National Policy for Tutor Perini's Claim.

(Compl. ¶ 5.) The Complaint later reiterates that if, pursuant to a policy endorsement, Illinois National is required to provide coverage of Tutor Perini's loss, "then the MTA will have financial responsibility with respect thereto." (Compl. ¶ 26.)

Tutor Perini has moved to dismiss or strike the MTA's claim. (Docket # 20.) The MTA's only submission in opposition is a five-paragraph declaration by one of its

2

attorneys, which asserts that the MTA has reviewed the Complaint, ratifies the assertions contained therein, and consents to its inclusion as a plaintiff. (Hanley Dec. ¶¶ 3-5.) The declaration does not address the justiciability of the MTA's claim.

RULE 12(B)(1) STANDARD.

Justiciability is properly raised on a motion under Rule 12(b)(1). Aiello v. Kellogg, Brown & Root Services, Inc., 751 F. Supp. 2d 698, 702 (S.D.N.Y. 2011) (collecting cases). A motion to dismiss under Rule 12(b)(1) is decided under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003) (Sotomayor, J.). However, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). Additionally, in opposing a Rule 12(b)(1) motion, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

THE COMPLAINT HAS NOT ALLEGED A JUSTICIABLE CLAIM BY THE MTA AGAINST TUTOR PERINI.

Counts I, II and III of the Complaint seek a declaration that the three Chartis entities have no coverage obligation to the defendant. (Compl. ¶¶ 71-88.) The Complaint does not seek a declaration as to the MTA's obligations to any party, or assert that the MTA is otherwise entitled to relief. According to the Complaint, the MTA is a plaintiff because it is the named insured under the Illinois National policy. (Compl. ¶ 5.) The Complaint asserts that if Illinois National has coverage obligations to Tutor Perini, the MTA "will have financial responsibility with respect thereto." (Compl. ¶¶ 5, 26.) Its "financial responsibility" is not further alleged. The Chartis defendants, but not the MTA, have filed a memo in opposition to

the motion to dismiss. In essence, the MTA has made no attempt to satisfy its burden of establishing a justiciable case. Aurecchione, 426 F.3d at 638.

The Declaratory Judgment Act states in relevant part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A justiciable Declaratory Judgment Act claim must be "'definite and concrete, touching the legal relations of parties having adverse legal interests,'" as well as "'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).

"'The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy.'" Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp., 90 F.3d 671, 675 (2d Cir. 1996). "'That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, courts should focus on the practical likelihood that the contingencies will occur[ ]." Employers Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 278 (2d Cir. 2008) (alteration in original; quoting E.R. Squibb & Sons, Inc. v. Lloyd's & Cos., 241 F.3d 154, 177 (2d Cir. 2001)). It is undisputed that "an insurance company [may] bring a declaratory judgment action to determine the validity of insurance policies," Calderon v. Ashmus, 523 U.S. 740, 746 (1998), and that an insurance coverage

dispute may be resolved with a declaratory judgment, even when liability may be contingent. Associated Indem. Corp. v. Fairlchild Indus., Inc., 961 F.2d 32, 35 (2d Cir. 1992).

Here, the MTA seeks no relief from Tutor Perini, declaratory or otherwise. The Complaint does not allege that, under any contingency, Tutor Perini is or could be liable to the MTA. Instead, the Complaint alleges that the MTA could "have financial responsibility" to its fellow plaintiff, Illinois National, in the event that a coverage obligation arises. (Compl. ¶¶ 5, 26.) The nature of this financial responsibility is not explicitly alleged. While the Complaint cites policy language potentially relevant to the plaintiffs' coverage obligations going toward Tutor Perini, it sets forth no relevant policy language going toward any obligation between the MTA and Tutor Perini.

Assuming the truth of the Complaint, there is no justiciable case or controversy between the MTA and Tutor Perini. The MTA simply seeks no relief in the Complaint. Moreover, by electing not to submit papers opposition to the motion, the MTA has not set forth a position as to whether it has a justiciable case or controversy, and has failed to satisfy its burden under Rule 12(b)(1).[1] The MTA's only submission in opposition consists of the five-paragraph attorney declaration, which states that the MTA has reviewed and "ratifie[d]" the allegations of the Complaint. (Hanley Dec. ¶ 5.) The declaration does not speak to whether the Complaint "touch[es] the legal relations of parties having adverse legal interests.'" MedImmune, 549 U.S. at 127.

For the foregoing reasons, the defendant's motion is granted.

---

[1] I note that the Complaint is unsigned by any counsel or representative of the MTA. The defendant separately moves to strike the MTA because it has not signed the Complaint, and argues that the failure to sign violates Rule 11(a), Fed. R. Civ. P. Because the Complaint does not allege a justiciable case or controversy implicating the MTA, I do not reach this issue. Moreover, assuming arguendo that the Complaint fails to satisfy Rule 11(a), such an infirmity could be easily resolved by an order directing the Complaint to be re-filed with a signature. See, e.g., Jenkins v. Sladkus, 226 F.R.D. 206 (S.D.N.Y. 2005)

## CONCLUSION

The motion to dismiss the MTA is GRANTED. (Docket #20.) The Clerk is directed to terminate the motion and to amend the caption to reflect that the Metropolitan Transportation Authority is not longer a plaintiff.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 7, 2011