UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>                    Plaintiffs,<br><br>    v.<br><br>TUTOR PERINI CORPORATION,<br><br>                    Defendant. | CASE NO. 11-CV-00431 (PKC) |

**ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY RELIEF**

Tutor Perini Corporation ("Tutor Perini"), by and through their undersigned counsel, alleges the following for its answer to the First Amended Complaint for Declaratory Relief ("Complaint") of Illinois National Insurance Company ("Illinois National"), The Insurance Company of the State of Pennsylvania ("ICSOP"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") (collectively "Chartis").

**I.      JURISDICTIONAL ALLEGATIONS**

   **A.     Nature of Action**

   1.    Tutor Perini denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 in the Complaint, except that Tutor Perini admits that the Complaint includes a count for declaratory relief, and admits

nydocs1-976884.5

that Chartis sold certain primary and umbrella/excess liability policies to Tutor Perini and the MTA.

      **B.**    **Parties**

2.    Tutor Perini denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, however, to the extent that a response is required, Tutor Perini denies the allegations contained in paragraph 2 of the Complaint.

3.    Tutor Perini denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, however, to the extent that a response is required, Tutor Perini denies the allegations contained in paragraph 3 of the Complaint.

4.    Tutor Perini denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, however, to the extent that a response is required, Tutor Perini denies the allegations contained in paragraph 4 of the Complaint.

5.    Tutor Perini denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, however, to the extent that a response is required, Tutor Perini denies the allegations contained in paragraph 5 to the Complaint to the extent the Metropolitan Transportation Authority (the "MTA") is a party to this action as the Court dismissed the MTA as a party to this action on October 7, 2011.

6.    In response to the allegations contained in paragraph 6 of the Complaint, Tutor Perini admits that Tutor Perini (formerly known as Perini Corporation) is a corporation organized and existing under the laws of Massachusetts, and denies the

remaining allegations. Tutor Perini further states that it had its principal place of business at all times relevant to this dispute in Framingham, Massachusetts until October, 2009 when following a merger its principal place of business was moved to and currently is in Sylmar, California. The Tutor Perini risk management office which handled the insurance matters at issue in this action remains in Framingham, Massachusetts.

### C.   Jurisdiction and Venue

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response may be required, Tutor Perini denies the allegation contained in Paragraph 7 of this Complaint.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response may be required, Tutor Perini denies the allegation contained in Paragraph 8 of this Complaint.

## II.   FACTUAL BACKGROUND

9. Tutor Perini admits the allegations contained in Paragraph 9 of the Complaint.

10. Tutor Perini admits the allegations contained in Paragraph 10 of the Complaint.

11. Tutor Perini admits that the MTA sent a letter to Tutor Perini on or about April 22, 2008 but denies the remaining allegations contained in Paragraph 11 of the Complaint, and further states that the letter speaks for itself.

12. Tutor Perini denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, however, to

the extent that a response is required, Tutor Perini denies the allegations contained in Paragraph 12 of the Complaint.

13. Tutor Perini denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, however, to the extent that a response is required, Tutor Perini denies the allegations contained in Paragraph 13 of the Complaint.

14. Tutor Perini denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, however, to the extent that a response is required, Tutor Perini denies the allegations contained in Paragraph 14 of the Complaint on the ground that the July 2, 2009 report issued by WJE speaks for itself.

15. Tutor Perini admits the allegations contained in Paragraph 15 of the Complaint.

16. Tutor Perini admits the allegations contained in Paragraph 16 of the Complaint.

17. Tutor Perini denies the allegations contained in Paragraph 17 of the Complaint.

18. Tutor Perini admits that on or about August 9, 2010 Illinois National issued a letter to Tutor Perini but denies the remaining allegations contained in Paragraph 18 of the Complaint on the ground that the letter speaks for itself.

19. Tutor Perini admits that on or about November 10, 2010 Tutor Perini sent a letter to Chartis but denies the remaining allegations contained in Paragraph 19 of the Complaint on the ground that the letter speaks for itself.

20. Tutor Perini admits the allegations contained in Paragraph 20 of the Complaint.

21. Tutor Perini denies the allegations contained in Paragraph 21 of the Complaint, except to the extent that Tutor Perini admits that Tutor Perini has incurred in excess of $13 million in connection with the repair or replacement of the Façade Failure.

### III.  THE ILLINOIS NATIONAL POLICY

22. Tutor Perini admits the allegations contained in Paragraph 22 of the Complaint.

23. Tutor Perini admits the allegations contained in Paragraph 23 of the Complaint.  Tutor Perini further states that the Illinois National Policy's "Products Completed Operations" coverage has a $4,000,000 aggregate limit and a $4,000,000 per occurrence limit, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

24. Tutor Perini denies the allegations contained in Paragraph 24 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

25. Tutor Perini denies the allegations contained in Paragraph 25 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

26. Tutor Perini denies the allegations contained in Paragraph 26 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor

Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

27. Tutor Perini denies the allegations contained in Paragraph 27 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

28. Tutor Perini denies the allegations contained in Paragraph 28 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

29. Tutor Perini denies the allegations contained in Paragraph 29 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

30. Tutor Perini denies the allegations contained in Paragraph 30 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

31. Tutor Perini denies the allegations contained in Paragraph 31 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

nydocs1-976884.5

32. Tutor Perini denies the allegations contained in Paragraph 32 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

33. Tutor Perini denies the allegations contained in Paragraph 33 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

34. Tutor Perini denies the allegations contained in Paragraph 34 of the Complaint on the ground that the Illinois National Policy speaks for itself, and Tutor Perini respectfully refers the Court to the Illinois National Policy for the full and complete terms thereof.

**IV.  BASES FOR DENIAL OF COVERAGE UNDER THE ILLINOIS NATIONAL POLICY**

35. Tutor Perini denies the allegations contained in Paragraph 35 of the Complaint.

36. Tutor Perini denies the allegations contained in Paragraph 36 of the Complaint.

37. Tutor Perini denies the allegations contained in Paragraph 37 of the Complaint.

38. Tutor Perini denies the allegations contained in Paragraph 38 of the Complaint.

## V.     THE ICSOP POLICY

39.     Tutor Perini admits the allegations contained in Paragraph 39 of the Complaint. Tutor Perini further states that the ICSOP Policy's "Products Completed Operations" coverage has a $2,000,000 per occurrence limit, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

40.     Tutor Perini denies the allegations contained in Paragraph 40 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

41.     Tutor Perini denies the allegations contained in Paragraph 41 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

42.     Tutor Perini denies the allegations contained in Paragraph 42 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

43.     Tutor Perini denies the allegations contained in Paragraph 43 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

44.     Tutor Perini denies the allegations contained in Paragraph 44 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

45.     Tutor Perini denies the allegations contained in Paragraph 45 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

nydocs1-976884.5

46.     Tutor Perini denies the allegations contained in Paragraph 46 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

47.     Tutor Perini denies the allegations contained in Paragraph 47 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

48.     Tutor Perini denies the allegations contained in Paragraph 48 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

49.     Tutor Perini denies the allegations contained in Paragraph 49 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

50.     Tutor Perini denies the allegations contained in Paragraph 50 of the Complaint on the ground that the ICSOP Policy speaks for itself, and Tutor Perini respectfully refers the Court to the ICSOP Policy for the full and complete terms thereof.

**VI.     BASES FOR DENIALS OF COVERAGE UNDER THE ICSOP POLICY**

51.     Tutor Perini denies the allegations contained in Paragraph 51 of the Complaint.

52.     Tutor Perini denies the allegations contained in Paragraph 52 of the Complaint.

53.     Tutor Perini denies the allegations contained in Paragraph 53 of the Complaint.

54.     Tutor Perini denies the allegations contained in Paragraph 54 of the Complaint.

55.     Tutor Perini denies the allegations contained in Paragraph 55 of the Complaint.

## VII.    THE NATIONAL UNION POLICY

56.     Tutor Perini admits the allegations contained in Paragraph 56 of the Complaint.  Tutor Perini further states that the National Union Policy's "Products Completed Operations" coverage has a $25,000,000 per occurrence limit, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

57.     Tutor Perini denies the allegations contained in Paragraph 57 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

58.     Tutor Perini denies the allegations contained in Paragraph 58 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

59.     Tutor Perini denies the allegations contained in Paragraph 59 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

60.     Tutor Perini denies the allegations contained in Paragraph 60 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

nydocs1-976884.5

61. Tutor Perini denies the allegations contained in Paragraph 61 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

62. Tutor Perini denies the allegations contained in Paragraph 62 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

63. Tutor Perini denies the allegations contained in Paragraph 63 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

64. Tutor Perini denies the allegations contained in Paragraph 64 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

65. Tutor Perini denies the allegations contained in Paragraph 65 of the Complaint on the ground that the National Union Policy speaks for itself, and Tutor Perini respectfully refers the Court to the National Union Policy for the full and complete terms thereof.

**VIII. BASES FOR DENIAL OF COVERAGE UNDER THE NATIONAL UNION POLICY**

66. Tutor Perini denies the allegations contained in Paragraph 66 of the Complaint.

67. Tutor Perini denies the allegations contained in Paragraph 67 of the Complaint.

68. Tutor Perini denies the allegations contained in Paragraph 68 of the Complaint.

69. Tutor Perini denies the allegations contained in Paragraph 69 of the Complaint.

70. Tutor Perini denies the allegations contained in Paragraph 70 of the Complaint.

## COUNT I

## DECLARATORY JUDGMENT – NO COVERAGE UNDER THE ILLINOIS NATIONAL POLICY

71. Tutor Perini repeats its responses to the allegations contained in Paragraphs 1 through 70 of the complaint as if fully set forth herein.

72. Tutor Perini denies the allegations contained in Paragraph 72 of the Complaint.

73. Tutor Perini denies the allegations contained in Paragraph 73 of the Complaint.

74. Tutor Perini denies the allegations contained in Paragraph 74 of the Complaint.

75. Tutor Perini denies the allegations contained in Paragraph 75 of the Complaint.

76. Tutor Perini denies the allegations contained in Paragraph 76 of the Complaint, except to the extent that Tutor Perini admits that there is a dispute between

Tutor Perini and Illinois National regarding the insurance coverage that was sold to the MTA under which Tutor Perini is also insured.

## COUNT II

### DECLARATORY JUDGMENT – NO COVERAGE UNDER THE ICSOP POLICY

77. Tutor Perini repeats its responses to the allegations contained in paragraphs 1 through 76 of the complaint as if fully set forth herein.

78. Tutor Perini denies the allegations contained in paragraph 78 of the Complaint.

79. Tutor Perini denies the allegations contained in paragraph 79 of the Complaint.

80. Tutor Perini denies the allegations contained in paragraph 80 of the Complaint.

81. Tutor Perini denies the allegations contained in paragraph 81 of the Complaint.

82. Tutor Perini denies the allegations contained in Paragraph 82 of the Complaint, except to the extent that Tutor Perini admits that there is a dispute between Tutor Perini and ICSOP regarding the insurance coverage that was sold to Tutor Perini.

## COUNT III

### DECLARATORY JUDGMENT – NO COVERAGE UNDER THE NATIONAL UNION POLICY

83. Tutor Perini repeats its responses to the allegations contained in paragraphs 1 through 82 of the Complaint as if fully set forth herein.

84. Tutor Perini denies the allegations contained in paragraph 84 of the Complaint.

85. Tutor Perini denies the allegations contained in paragraph 85 of the Complaint.

86. Tutor Perini denies the allegations contained in paragraph 86 of the Complaint.

87. Tutor Perini denies the allegations contained in paragraph 87 of the Complaint.

88. Tutor Perini denies the allegations contained in Paragraph 88 of the Complaint, except to the extent that Tutor Perini admits that there is a dispute between Tutor Perini and National Union regarding the insurance coverage that was sold to Tutor Perini.

## AFFIRMATIVE DEFENSES

Further answering, Tutor Perini states the following as affirmative defenses to the Complaint. Tutor Perini reserves the right to supplement or amend these affirmative defenses as further affirmative defenses are discovered.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

89. Chartis' claims are barred by its breach of the terms and conditions of the insurance policies at issue.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

90. Chartis' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

91. Chartis' claims are barred by its unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

92. Chartis' claims are barred by the doctrines of waiver, laches and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

93. Chartis' claims are barred because Tutor Perini fully satisfied any and all conditions precedent as well as other terms and conditions in the insurance policies at issue.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

94. Chartis' claims are barred due to its breach of the implied covenant of good faith and fair dealing and/or by their bad faith conduct.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

95. Chartis' claims are barred and precluded by the provisions, terms, and conditions of the insurance policies at issue which provide coverage to Tutor Perini for the insurance claim Tutor Perini has submitted to Chartis.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

96. Chartis' claims fail because Chartis has not sustained any damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

97. Chartis' damages, if any, were caused by its own acts or omissions.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

98. Chartis' claims are barred by the doctrine of unconscionability.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

99. Tutor Perini has been placed in a defensive posture by the Chartis, an insurance carrier, and is entitled, by operation of law to its attorneys' fees, costs, disbursements and expenses for the defense of this action upon adjudication in its favor.

WHEREFORE, Tutor Perini prays that this Court dismiss Chartis' Complaint in its entirety and that Tutor Perini be awarded reasonable attorneys' fees and costs, and for such other and further relief as this Court deems proper and just.

Dated:   New York, New York
         October 21, 2011

                                                        Respectfully submitted,

                                                        By:  /s/ Finley T. Harckham
                                                            Finley T. Harckham, Esq.
                                                            Anderson, Kill & Olick, P.C.
                                                            1251 Avenue of the Americas
                                                            New York, NY 10020
                                                            Tel:  (212) 278-1000
                                                            Fax:  (212) 278-1733