

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ILLINOIS NATIONAL INSURANCE COMPANY,
THE INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA, and NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA,

                         Plaintiffs,

    v.

TUTOR PERINI CORPORATION,

                         Defendant.

---

TUTOR PERINI CORPORATION,

                         Third- Party
                         Plaintiff,

    v.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON,

                         Third-Party
                         Defendant,

---

CASE NO. 11-CV-00431 (KBF)

**THIRD-PARTY COMPLAINT**

<u>DEMAND FOR JURY TRIAL</u>

---

        Defendants and Third-Party Plaintiff, Tutor Perini Corporation ("Tutor

Perini"), by its attorneys, as and for its complaint against Third-Party Defendant Certain

Underwriters at Lloyd's, London ("Lloyd's"), alleges as follows:

### <u>NATURE OF THE ACTION</u>

        1.      The present action arises out of a dispute concerning insurance coverage

for Tutor Perini.  Tutor Perini's counterclaims in the main action against Plaintiffs and

Counter-Defendants Chartis,[1] and their claims against Lloyd's as a Third Party

---

[1] Illinois National Insurance Company ("Illinois National"), The Insurance Company of the State
of Pennsylvania ("ICSOP"), National Union Fire Insurance Company of Pittsburgh, Pa.
("National Union") (collectively "Chartis").

Defendant in the instant complaint, are centered around the improper denial of
coverage to Tutor Perini in connection with the failure of a façade on a building
constructed by Tutor Perini. By this third-party complaint, Tutor Perini seeks a
declaration that Third-Party Defendant Lloyd's is obligated to provide insurance
coverage under certain liability policies sold by Lloyd's in connection with that failure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### PARTIES

4.      Third-Party Plaintiff Tutor Perini is a Massachusetts corporation. Tutor
Perini (formerly known as Perini Corporation) had its principal place of business in
Framingham, Massachusetts until October, 2009 when following a merger its principal
place of business was moved to Sylmar, California. At all times during the insurance
policy periods at issue in this action (2001-2008), however, and during construction of
the building at issue, Tutor Perini's principal place of business was in Framingham,
Massachusetts. The Tutor Perini risk management office which handled the insurance
matters at issue in this action remains in Framingham, Massachusetts and the policy at
issue insured Tutor Perini as a Massachusetts based risk.

5.      Upon information and belief, Third-Party Defendant Lloyd's has their
principal place of business in London, England. In the policies at issue in this action,
Lloyd's agreed to submit to the jurisdiction of any court of competent jurisdiction within
the United States.

–2–

## BACKGROUND FACTS

### The Bus Depot Project

6.      On May 1, 2000 the New York City Transit Authority ("MTA") and Tutor Perini entered into a contract for Tutor Perini to design and construct a bus depot ("Bus Depot") in New York, New York ("the Bus Depot Project").

7.      On or about April 17, 2008 a section of the Bus Depot's exterior masonry wall failed ("the Façade Failure").

8.      The MTA informed Tutor Perini of the failure and the MTA further undertook immediate emergency repairs to ensure the safety of the building and surrounding areas.

9.      On or about June 22, 2009, following a claim for damages by the MTA to Tutor Perini as a result of the Façade Failure, Tutor Perini and the MTA entered into an agreement whereby Tutor Perini agreed to pay for the repair or replacement of the portion of the Bus Depot damaged by the Façade Failure.

10.     To date, Tutor Perini has incurred in excess of $13 million in connection with the repair or replacement of the Façade Failure.

### The Lloyd's Insurance Policy

11.     Lloyd's sold the MTA a commercial liability umbrella policy, policy number 576/UF7274400 with a policy period of April 1, 2001 to October 1, 2008 ("the Lloyd's Policy") which provides coverage to the MTA and Tutor Perini as named insureds under the Lloyd's Policy.  The Lloyd's Policy has a $50,000,000 general aggregate policy limit and a $50,000,000 per occurrence limit.

–3–

12.     In relevant part, the Lloyd's Policy requires Lloyd's to "pay on behalf of [Tutor Perini] those sums . . . that [Tutor Perini] becomes legally obligated to pay as damages by reason of liability imposed by law because of . . . Property Damage" which "takes place during the Policy Period" and "is caused by an Occurrence."

13.     The Lloyd's Policy defines "Property Damage" in relevant part as "physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured."

14.     The Lloyd's Policy defines "Occurrence" in relevant part as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

15.     The Lloyd's Policy also contains a "Cross Liability Endorsement" which states in relevant part that "[i]n the event of claims being made by reason of damage to property belonging to any Insured hereunder, for which another Insured hereunder is, or may be liable, then this policy shall cover such Insured against whom a claim is made, or may be made, in the same manner as if separate policies had been issued to each Insured hereunder."

16.     By endorsement ("the Professional Services Endorsement") the Lloyd's Policy also provides coverage "for Bodily Injury and Property damage arising from the rendering of or failure to render Professional Services."

17.     The Façade Failure constitutes property damage which occurred during the Lloyd's Policy period and coverage for the amounts incurred by Tutor Perini in connection with the Façade Failure is therefore triggered under the Lloyd's Policy's coverage provisions, including but not limited to:  (a) coverage under the Cross Liability

-4-

Endorsement in so far as the Façade Failure claim by the MTA constitutes a claim made by an insured under the policy against another insured, Tutor Perini, for damage to the MTA's property; and (b) coverage under the Professional Services Endorsement to the extent that the Façade Failure arose from Tutor Perini's rendering or failure to render professional services in connection with the Bus Depot Project.

18.     All of the premiums due under the Lloyd's Policy have been paid and the Lloyd's Policy was in full force and effect at all pertinent times.  Tutor Perini further has complied with all terms and requirements in the Lloyd's Policy.  No defenses to coverage apply under the Lloyd's Policy, or Lloyd's has waived or is estopped from asserting any such defenses.

19.     Lloyd's has refused to recognize its coverage obligations under the Lloyd's Policy and has denied coverage to Tutor Perini in connection with the Façade Failure.

### COUNT I
### (Declaratory Relief Against Lloyd's)

20.     Tutor Perini repeats and re-alleges the allegations of paragraphs 1 through 19 as if fully set forth herein.

21.     Lloyd's wrongly takes the position that no defense or indemnity coverage for Tutor Perini exists under the Lloyd's Policy in connection with the Façade Failure.

22.     Lloyd's defenses to coverage for the Facade Failure are without factual or legal merit.

23.     By reason of the foregoing, an actual and justiciable controversy exists between Tutor Perini and Lloyd's regarding Lloyd's obligation to defend or indemnify Tutor Perini in connection with the Façade Failure.

nydocs1-981865.3

24.     Accordingly, Tutor Perini seeks a judicial declaration from this Court that Lloyd's is obligated to defend or indemnify Tutor Perini in connection with the Façade Failure.

## COUNT II
### (Breach of Contract Against Lloyd's)

25.     Tutor Perini repeats and re-alleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26.     Tutor Perini has performed all of its duties consistent with the terms and conditions of the Lloyd's Policy.

27.     Lloyd's has breached the Lloyd's Policy by refusing to honor the terms of the Lloyd's Policy and wrongly refusing to defend or indemnify Tutor Perini in connection with the Façade Failure and Tutor Perini has sustained damages as a result.

28.     By reason of Lloyd's breach of the Lloyd's Policy, Lloyd's is liable to Tutor Perini for damages, including but not limited to compensatory and consequential damages, and reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

nydocs1-981865.3

### PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiff Tutor Perini demands judgment as

follows:

a)   As to Counts I-II:

> (i) that this Court determine and declare that Lloyd's is obligated to indemnify Tutor Perini for any amounts incurred as result of the Façade Failure up to the limits of its policies; and

> (ii) for compensatory and consequential damages in an amount or amounts to be determined by the trier of fact at trial.

b)   that Tutor Perini is entitled to ancillary relief including:

> (iii) Such orders, including injunctive relief, as are necessary to preserve this Court's jurisdiction over the parties and issues herein;

> (iv) Pre-judgment and post-judgment interest according to law; and

> (v) Tutor Perini's costs and expenses of this lawsuit; and

c)   such other and further relief as this Court deems just and proper.

nydocs1-981865.3

## DEMAND FOR JURY TRIAL

Tutor Perini hereby demand a jury trial as to all claims in the Third-Party

Complaint.


Dated:  New York, New York
        February 14, 2012

                                      Respectfully submitted,

                                      By: _____
                                          Finley T. Harckham, Esq.
                                          Vianny M. Pichardo, Esq.
                                          Anderson, Kill & Olick, P.C.
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          Tel: (212) 278-1000
                                          Fax: (212) 278-1733

—8—