UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ILLINOIS NATIONAL INSURANCE COMPANY, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

                              Plaintiffs,

                - against -

TUTOR PERINI CORPORATION,

                                            X
------------------------------------------------------------------------
TUTOR PERINI CORPORATION,

                            Third-Party Plaintiff,

                - against -

CERTAIN UNDERWRITERS AT LLOYD'S LONDON

                           Third-Party Defendant.
------------------------------------------------------------------------X

Case No.: 11-CV-00431 (KBF)

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S SECOND SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT**

      The Third-Party Defendant, Certain Underwriters at Lloyd's, London who subscribe to Policy No. 576/UF7274400 ("Underwriters"), submit this second supplemental statement of undisputed facts in support of their Motion for Summary Judgment. In support of this Statement, Underwriters refer to the Second Supplemental Declaration of George Rockas ("Second Supp. Rockas Decl.") and the exhibits thereto.

**The Façade Failure Was Caused By Faulty Workmanship**

      123.      Jason Benfield ("Benfield"), a project engineer at Perini, was the project manager at the Bus Depot Project who was responsible for the repairs of the Façade

Failure. *See* Deposition of Jason Benfield ("Benfield Depo."), attached as Exhibit 38 to Second Supp. Rockas Decl., 30:24-31:2, 32:7-23

124. As an on-site project manager, Benfield was at the Bus Depot Project while the repairs were being performed "almost all the time." He observed the things that needed to be repaired. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 99:6-16.

125. Benfield was asked to review the bullet points set forth in the July 2, 2009 report issued by WJE (the "WJE Report"), which revealed WJE's conclusions regarding the deficiencies throughout the exterior masonry. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 27:7-29:6; *see also* Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

126. Benfield testified that the first bullet point of the WJE Report reflects or describes masonry as well as steel deficiencies. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 108:9-21; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

127. Benfield testified that bullet point two of the WJE Report describes a masonry deficiency which was the result of deficient construction work performed by someone. He opined that the mason failed to follow what was reflected in the shop drawing or plan. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 109:2-110:9; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

128. Benfield testified that bullet point three of the WJE Report describes a deficiency within the connection of the shelf angle to the supporting structures. Benfield testified that there was a modification made by the installing contractor during the course

942651.2

of the work and someone failed to perform said modifications. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 110:10-113:22; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

129. Benfield testified that bullet point four of the WJE Report describes a deficiency with respect to ineffectively installed brick wall ties. Benfield testified that this was the result of someone failing to properly perform work such as installing brick wall ties or failing to erect the steel frame by the erection tolerances. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 113:23-116:16; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

130. Benfield testified that bullet point five of the WJE Report describes a deficiency with respect to wall ties being omitted in the steel tub backup locations. Benfield testified that this deficiency resulted from someone failing to follow shop drawings or contract documents. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 117:17-118:21; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

131. Benfield testified that bullet point six of the WJE Report, which concerns the shelf angle rotation, was the result of improper workmanship. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 118:22-119:15; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

132. Benfield testified as to bullet point seven of the WJE Report. Specifically, Benfield testified that "detailed on the drawings, and where they are detailed, the mason should have installed the bond beams." The omission of these bond beams was the result of a defect in workmanship. *See* Benfield Depo attached as Exhibit 38 to Second Supp.

942651.2

Rockas Decl., 119:16-120:20; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

133. Benfield testified as to bullet point eight of the WJE Report stating "the bending capacity of the brick masonry façade is compromised because the mortar was not well bonded to the brick." Benfield testified that bullet point eight, which involves mortar not being well bonded to brick, was the result of someone failing to perform their job properly. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 121:2-123:4; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

134. Benfield testified as to bullet point nine of the WJE Report which notes, "variations in the width of wall cavities are larger than three inches depending on locations." Benfield testified that the "steel frame was erected out of tolerance which caused it to run the façade plumb in relation to true plumbness versus the steel, and that resulted in cavities that were small in some instances and large in some instances." Benfield admitted that the fact that the steel frame was erected out of tolerance was the result of poor workmanship by whoever performed the steel work. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 123:5-124:16; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

135. Benfield testified as to bullet point ten of the WJE Report which notes, "failed sealing joints were observed." Benfield testified that he observed failed sealant joints when he was on site as the project manager. Benfield testified that these failures were the result of poor workmanship. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 125:4-128:11; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

136.    Benfield testified as to bullet point eleven of the WJE Report which notes, "excess mortar in the wall cavity compromises drainage of water out of the walls at location flashing." Benfield testified that bullet point eleven is the result of poor workmanship by the mason. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 128:13-129:18; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

137.    Benfield testified as to bullet point twelve of the WJE Report which reads, "insulation in the wall cavities is discontinuance throughout the masonry veneer walls." Benfield explained his understanding of what was meant by bullet point number twelve. Specifically, he testified "having witnessed the wall condition post removal of brick, there were pieces of missing insulation and instances where the joints between the insulation weren't tight." Benfield opined that the missing insulation was caused by the installing contractor not installing a piece of insulation at that spot. In other words, somebody made a mistake by failing to install the insulation. *See* Benfield Depo attached as Exhibit 38 to Second Supp. Rockas Decl., 130:2-131:14; Depo. Ex. 212, attached as Exhibit 39 to Second Supp. Rockas Decl.

<div style="margin-left:50%">
Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:/s/ George C. Rockas
George C. Rockas, BBO #544009
George.Rockas@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
*Attorneys for Third Party Defendant,
Certain Underwriters at Lloyds
Subscribing to Policy No. 576/UF7274400*
260 Franklin Street, 14th Floor
</div>

5

942651.2

                                                  Boston, MA 02110
                                                  (617) 422-5300

                                                  /s/Jensen Varghese
                                                  Jensen Varghese
                                                  Jensen.Varghese@wilsonelser.com
                                                  WILSON, ELSER, MOSKOWITZ,
                                                  EDELMAN & DICKER LLP
                                                  3 Gannett Drive
                                                  White Plains, NY 10604-3407
                                                  914-872-7720

Dated: August 27, 2012

942651.2