# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TRANSPORTATION INSURANCE COMPANY

                Plaintiff,

    v.

                                                                         Civil Action No.
                                                                        CV 04-2881 (ILG)

AARK CONSTRUCTION GROUP, LTD., D/B/A AARK
INTERSTATE CONTRACTORS, INC.

                Defendant.
-------------------------------------------------------------------X
AARK CONSTRUCTION GROUP, LTD., D/B/A AARK
INTERSTATE CONTRACTORS, INC.

                Defendant/Third-Party Plaintiff

    v.

WEBER INSURANCE, ALL TRADE ENTERPRISES, INC.,
DISANO CONSTRUCTION CO., INC., FALL CREEK
CONTRACTORS, INC., GARDEN STATE ELEVATOR
INDUSTRIES, INC., MAV CONSTRUCTION CORP., S&S
ROOFING, INC., SELECT ENVIRONMENTAL SYSTEMS,
INC., t/a SELECT MAINTENANCE SERVICE, INC., t/a
DALE SHEET STREET, and STAT FIRE SUPPRESSION, INC.

                Third-Party Defendants.
-------------------------------------------------------------------X

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS
PURSUANT TO LOCAL CIVIL RULE 56.1**

16. Northfield alleged in its Complaint that AARK's negligence in performing its duties under the construction contract caused the collapse, resulting in extensive property damage. *See* **Drewniak Aff. Ex. I**, at ¶¶ 16-17; 34.

17. Northfield claimed that it paid for the repair under a property insurance policy it had issued to Dollar. *See* **Drewniak Aff. Ex. I**, at ¶ 38.

18. According to Northfield, AARK's "negligence included, but was not limited to, improper hiring, supervision, overseeing, conducting and managing" the work on the project. *See* **Drewniak Aff. Ex. I**, at ¶ 40.

19. Northfield further contended that AARK was negligent in failing to comply with New York City Building Codes, utilizing deficient materials in the construction, failing to incorporate proper signage in the construction, "failing to properly construct a structure which would adequately support loads resulting from vehicles entering and remaining at the property," failing to "retain competent, and qualified employees, agents and/or servants to perform" the work, and in "failing to inspect, oversee and periodically assess the means and methods of operations" at the parking garage. *See* **Drewniak Aff. Ex. I**, at ¶ 41.

20. Transportation issued insurance contract no. C 1077767190 to AARK Construction Group, LTD. for the period of September 1, 2000 to September 1, 2001 (the "Transportation Insurance Contract"). *See* **Claybaugh Aff. Ex. A**.

21. The Insuring Agreement of the Transportation insurance contract states:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit"

4

seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A and B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

\* \* \*

See **Claybaugh Aff. Ex. A**, Form CG 00 01 07 98, at TRANSP 061.

22. The Transportation insurance contract also contains the following exclusion provisions and related definitions:

**2. Exclusions**

This insurance does not apply to:

\* \* \*

k. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l. **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

5

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n. **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, in adequacy or dangerous condition in it.

\* \* \*

11. **PROPERTY DAMAGE – BORROWED EQUIPMENT**

Exclusion **j.** of COVERAGE A (SECTION I) is deleted and replaced by the following:

j. **Damage To Property**

"Property damage" to:

\* \* \*

(7) That particular part of real property on which you or any contractors or subcontractor working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(8) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

6