UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>                      Plaintiffs,<br><br>v.<br><br>TUTOR PERINI CORPORATION,<br><br>                      Defendant. | CASE NO. 11-CV-00431 (KBF) |
| TUTOR PERINI CORPORATION,<br><br>                      Third-Party Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>                      Third-Party Defendant. | |

**TUTOR PERINI'S MEMORANDUM OF LAW IN OPPOSITION TO CERTAIN UNDERWRITERS AT LLOYD'S, LONDON'S MOTION FOR LEAVE TO SUBMIT A SUR-REPLY**

## INTRODUCTION

Tutor Perini Corporation ("Tutor Perini") respectfully files this Memorandum of Law in opposition to Certain Underwriters at Lloyd's, London ("Lloyd's") Motion for Leave to Submit a Sur-Reply to Tutor Perini's Reply Brief in support of its Motion for Reconsideration (the "Motion for Leave"). Since sur-replies are generally disfavored and Lloyd's has failed to show that new evidence or arguments were addressed in Tutor Perini's Reply Brief that were not addressed in Tutor Perini's Opening Brief, Lloyd's Motion for Leave should be denied.

## STATEMENT OF FACTS

On December 14, 2012, Tutor Perini moved this Court to reconsider that portion of its November 15, 2012 Memorandum Decision and Order that granted summary judgment to third-party defendant Lloyd's. Docket No. 135. Lloyd's filed its opposition to the motion for reconsideration on January 2, 2013 and Tutor Perini filed its reply papers on January 14, 2013. Docket Nos. 140 and 144. Lloyd's now seeks leave to file a sur-reply, in order to (i) "clarify" the elements of waiver and estoppel; (ii) respond to an unidentified aspect of Tutor Perini's argument concerning timeliness of notice; and (iii) address "other issues." Mot. for Leave at 1-2.

As set forth below, none of the grounds asserted by Lloyd's warrant a sur-reply and Lloyd's Motion for Leave should accordingly be denied.

## ARGUMENT

This Court's Individual Practices in Civil Cases states that "[s]ur-reply memoranda will not be accepted without prior permission of the Court (and are generally disfavored)." Hon. Katherine B. Forrest, Individual Practices in Civil Cases, § 2.D (emphasis added). Moreover, where the moving party's reply papers do not "spring [new evidence] upon" the opposing party, and where any "variations [between the reply brief and the opening brief] are not significant," a sur-reply is not warranted. *Kowalski v. YellowPages.com, LLC*, No. 10-cv-

7381, 2012 WL 1097350, at *10 (S.D.N.Y. Mar. 31, 2012). If a sur-reply would be "simply a further response to [the opposing party's] arguments in their reply brief," leave to file a sur-reply should not be granted. *Alexander v. City of New York*, No. 02-cv-3555, 2004 WL 1907432, at *12 (S.D.N.Y. Aug. 25, 2004). Sur-replies are especially inappropriate where the moving party is seeking "an excuse for an additional round of briefing" or using the sur-reply as a "tactic[] to subvert briefing limits." *Memorial Hermann Healthcare System v. State Street Bank and Trust Co.*, Nos. 08-mdl-1945, 08-cv-5440, 2010 WL 3664490, at *2 n. 2 (S.D.N.Y. Sept. 17, 2010).

Here, since Tutor Perini did not raise any previously undisclosed arguments or evidence in its reply briefing, Lloyd's proposed sur-reply cannot overcome the general disfavor for sur-replies in this Court's individual civil rules and relevant case law. Lloyd's first argument for the proposed sur-reply—that Tutor Perini mischaracterized the elements of waiver and estoppel—is precisely the type of argument that does not warrant a sur-reply. Waiver and estoppel were addressed at length in Tutor Perini's Opening Brief and Lloyd's Opposition Brief. Tutor Perini Memo. of Law In Support of Mot. for Recon. at 13-15 (Docket No. 136); Lloyd's Memo. of Law in Opp. to Mot. for Recon. at 6-8 (Docket No.140). Moreover, waiver and estoppel were discussed extensively in the parties' summary judgment briefing. Tutor Perini Memo. of Law in Opp. to Lloyd's Mot. for Summary Jgmt. at 9-11 (Docket No. 105); Lloyd's Reply Memo. of Law in Support of Mot. for Summary Jgmt. at 3-4 (Docket No. 112). The waiver and estoppel arguments addressed in Tutor Perini's Reply Brief were by no means "sprung upon" Lloyd's and Lloyd's has failed to show why the Court should grant it leave to file a sur-reply.

The same is true of Lloyd's second proposed justification—a vague request to renew its previous response to Tutor Perini's notice of claim argument. First, Lloyd's does not

2

actually identify what aspect of the notice section in Tutor Perini's Reply Brief warrants a sur-reply. Lloyd's does not present any indication that Tutor Perini's Reply Brief referenced new evidence with regard to the notice issue. All one can gather is that Lloyd's wants the last word on the notice issue. Even if Lloyd's had included more than a half-sentence on its need to file a sur-reply on the notice issue, it is highly unlikely that Lloyd's could substantiate its request as this issue was addressed at great length in the parties' summary judgment briefing, Tutor Perini's Opening Brief in support of its Motion for Reconsideration, and Lloyd's Opposition to Tutor Perini's Motion for Reconsideration. Tutor Perini Opp. to Chartis Summary Judgment Motion at 19 (Docket No. 106); Tutor Perini Opp. to Lloyd's Summary Judgment Motion at 9-10 (Docket No. 105); Lloyd's Reply Memo. of Law in Support of Mot. for Summary Jgmt. at 3-4 (Docket No. 112); Tutor Perini Memo. of Law in Support of Mot. for Recon. at 5-7 (Docket No. 136); Lloyd's Memo. of Law in Opp. to Mot. for Recon. at 12-14 (Docket No. 140). Accordingly, it is highly unlikely—and Lloyd's has not shown—that there were any new arguments or evidence presented in Tutor Perini's Reply Brief regarding the notice issue.

Lloyd's final argument for a sur-reply, that it needs to address "other issues," is a nonstarter. The purpose of requiring leave of Court to file a sur-reply is to allow the Court to assess the propriety of a sur-reply and ensure that, if permitted, it is limited to appropriate issues. Lloyd's unsupported, catch-all justification for a sur-reply entirely misses the point of requiring leave of Court. Accordingly, the Court should deny Lloyd's Motion for Leave.

nydocs1-1003075.3

## CONCLUSION

For all of the reasons stated herein, Tutor Perini respectfully requests that the Court deny Lloyd's Motion for Leave.

Dated: New York, New York
January 22, 2013

Respectfully submitted,

By: /s/ Carrie Maylor DiCanio
Finley T. Harckham, Esq.
Alexander D. Hardiman, Esq.
Carrie Maylor DiCanio, Esq.
Vianny M. Pichardo, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Fax: (212) 278-1733
*Attorneys for Defendant and Third-Party Plaintiff Tutor Perini Corporation*

nydocs1-1003075.3