**MANDATE**

12-5117
Illinois National Ins. Co. v. Tutor Perini Corp.

N.Y.S.D. Case #
11-cv-0431(KBF)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1   At a stated term of the United States Court of Appeals
2   for the Second Circuit, held at the Thurgood Marshall United
3   States Courthouse, 40 Foley Square, in the City of New York,
4   on the 6th day of May, two thousand fourteen.
5
6   PRESENT: AMALYA L. KEARSE,
7            DENNIS JACOBS,
8            GERARD E. LYNCH,
9                     Circuit Judges.
10
11  - - - - - - - - - - - - - - - - - - - -
12  METROPOLITAN TRANSIT AUTHORITY,
13           Plaintiff,
14
15  ILLINOIS NATIONAL INSURANCE CO.,
16  NATIONAL UNION FIRE INSURANCE COMPANY
17  OF PITTSBURGH, PA, INSURANCE COMPANY
18  OF THE STATE OF PENNSYLVANIA,
19           Plaintiffs-Counter-
20           Defendants-Appellees,
21
22  CERTAIN UNDERWRITERS AT LLOYD'S
23  LONDON,
24           Third-Party Defendant-
25           Appellee,
26
27           -v.-                                    12-5117
28

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 27, 2014

MANDATE ISSUED ON 05/27/2014

**TUTOR PERINI CORPORATION,**
  **Defendant-Counter-Claimant-**
  **Third-Party Plaintiff-**
  **Appellant.**
- - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | ALEXANDER D. HARDIMAN (with Finley T. Harckham on the brief), Anderson Kill & Olick, P.C., New York, New York. |
| **FOR APPELLEES:** | BARBARA MICHAELIDES (with Josh Gardnerr on the brief), Bates Carey Nicolaides LLP, Chicago, Illinois. |
| **FOR THIRD-PARTY-DEFENDANT-APPELLEE:** | GEORGE C. ROCKAS (with Kara Thorvaldsen on the brief), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Boston, Massachusetts. |

  Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, J.).

  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

  Defendant-appellant Tutor Perini Corporation ("Tutor Perini") appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, J.), granting summary judgment in favor of plaintiffs-counter-defendants-appellees Illinois National Insurance Company, the Insurance Company of the State of Pennsylvania, and National Union Fire Insurance Company of Pittsburgh, PA (collectively, the "Chartis Insurers"), and third-party-defendant-appellee Certain Underwriters at Lloyd's, London ("Lloyd's"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

  Tutor Perini was the general contractor of an Metropolitan Transit Authority ("MTA") bus depot (the "Depot") that suffered collapse of its facade (the "Facade

Failure"). Insurance coverage was denied based on, inter alia, late notice.

The Depot's construction was finally completed in 2007, but it was put into use in 2003. The facade collapsed on April 17, 2008. Tutor Perini concedes that certain of its own employees knew of the collapse immediately, that the work did not conform to the construction contract, and that the faulty work was performed by a subcontractor hired by Tutor Perini.

John Loftus, president of Tutor Perini's civil division, a senior executive and the most senior person among the 100 to 150 New York-based Tutor Perini employees, was aware of the Facade Failure the day after it occurred, and went to the site that day with others from the company. At least as of November 2008, Tutor Perini's risk management department was formally made aware of the loss. In January 2009, an individual in Tutor Perini's risk management department notified the MTA Owner Controlled Insurance Program's ("OCIP") Administrator of a potential claim. At that time, Tutor Perini made a proposal to the MTA that included repairing the Depot's facade, paying the MTA $1 million, and tolling the statute of limitations as to claims relating to the work required to repair the facade.

On January 6, 2009, Tutor Perini notified the Chartis Insurers of the loss. On January 14, 2009, it notified the MTA's on-site OCIP Administrator of the Facade Failure.

In June 2009, Tutor Perini and the MTA entered into an agreement to remedy the defects. As part of that agreement, Tutor Perini conceded that a demand had been made as of April 17, 2008, and agreed to cover all costs due to its defective workmanship by placing $5 million into a fund out of which the MTA (via the New York City Transit Authority) would pay for costs and expenses for repair of the facade.

On January 1, 2011, the Chartis Insurers sued defendant Tutor Perini for a declaratory judgment that certain policies they issued did not provide coverage for the loss. On February 24, 2012, Tutor Perini filed a third-party complaint against Lloyd's, which issued a policy (the "Lloyd's Policy") to the MTA that provided coverage to Tutor Perini through owner controlled insurance endorsements. Tutor Perini sought a declaration that Lloyd's must provide defense and/or indemnity coverage under the Lloyd's Policy.

The Chartis Insurers and Lloyd's moved, and were granted, summary judgment. See Ill. Nat'l Ins. Co. v. Tutor Perini Corp., 2012 U.S. Dist. LEXIS 165939 (S.D.N.Y. Nov. 15, 2012). After its motion for reconsideration was denied, Tutor Perini timely filed this appeal.

The district court ruled that "[e]ven assuming that the Facade Failure constituted an 'occurrence' under the Policies, the Chartis Insurers and Lloyd's would be entitled to summary judgment on the basis that Tutor Perini failed to comply with the Policies' requirement that Tutor Perini have notified the insurers of a potential claim based upon an 'occurrence' 'as soon as practicable.'" Id. at *19. We affirm on that ground only, and do not decide whether the Facade Failure was a covered event.

In the absence of a valid excuse, an insured's failure to provide timely notice of a claim to an insurer is a complete defense. See Am. Home Assurance Co. v Int'l Ins. Co., 90 N.Y.2d 433, 440 (2002) ("[A]bsent a valid excuse, a failure to satisfy the notice requirements vitiates the policy and the insurer need not show prejudice before it can assert the defense of noncompliance.") (quotation marks and alterations omitted).[1] Notice must be given within a reasonable time under all the circumstances. See Sec. Mut. Ins. Co. of N.Y. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 441 (1972).

The notice obligation is triggered when the "circumstances known to the insured at the time would have suggested to a reasonable person the possibility of a claim." Commercial Union Ins. Co. v. Int'l Flavors & Fragrances, Inc., 822 F.2d 267, 272 (2d Cir. 1987). Whether notice is given within a reasonable time may be determined as a matter of law if "(1) the facts bearing on the delay in providing notice are not in dispute and (2) the insured has not offered a valid excuse for the delay." New York v. Blank, 27 F.3d 783, 795 (2d Cir. 1994) (citation omitted).

---

[1] New York law now requires insurers to prove prejudice in order to assert a late notice defense. See N.Y. Ins. Law § 3420(a)(5). But that statute applies only to policies issued after January of 2009, and therefore does not apply here.

The insurance contracts required notice "as soon as practicable" after a covered event. Broad form endorsements state that "[k]nowledge of an 'occurrence' by your agent, your servant, or your employee shall not in itself constitute knowledge to you unless the Director of Risk Management (or one with similar or equivalent title) or his/her designee, at the address shown in the policy declarations, will have received such notice."

Notice was delayed until long after several executives of Tutor Perini knew of the loss, conceded responsibility for it, and engaged in negotiations to resolve the claim. Tutor Perini argues that, since its risk management personnel were not on formal notice until November 2008 and notice was given in early January, notice was timely. However, even assuming *arguendo* that the relevant interval is November 2008 to January 2009, that two-month delay is unreasonable as a matter of New York law. *See, e.g.*, *Am. Ins. Co. v. Fairchild Indus., Inc.*, 56 F.3d 435, 440 (2d Cir. 1995) ("Under New York law, delays for one or two months are routinely held 'unreasonable.'"); *see also* *Am. Home Assurance Co. v. Republic Ins. Co.*, 984 F.2d 76, 78 (2d Cir. 1993) (collecting New York cases); *Deso v. London & Lancashire Indem. Co.*, 3 N.Y.2d 127, 130 (1957) (holding delay of 51 days to be unreasonable).

For the foregoing reasons, and finding no merit in Tutor Perini's other arguments, we hereby AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit